IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENNIE EARL BARNES )<br>    Plaintiff, )<br>         )<br> v.        )<br>         )<br>ROBERT CATALDE  )<br>         )<br>    Defendant.  ) | C.A. No. 09-67Erie<br><br>Magistrate Judge Baxter |

MEMORANDUM OPINION [1]

Magistrate Judge Susan Paradise Baxter

A. **Relevant Procedural History**

  This case was originally filed by Plaintiff in the Erie County Court of Common Pleas and was removed to this federal court by Defendant on March 25, 2009. Plaintiff filed this action *pro se* and is incarcerated within the state correctional system of Pennsylvania. In the complaint, Plaintiff alleges that Defendant Catalde, the Clerk of Court, violated his constitutional rights by preventing him from fully litigating an appeal from and/or a collateral attack of a criminal conviction. Specifically, Plaintiff alleges that his federal due process and equal protection rights were violated. Plaintiff also raises pendant state law claims of negligence

  Defendant filed a motion to dismiss. Document # 7. And Plaintiff has filed a brief in opposition to the pending dispositive motion. Document # 10. The issues are fully briefed and are ripe for disposition by this Court.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. Documents # 4 (Defendant), 5 (Plaintiff).

### B.   Standards of Review

#### 1.   *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2.   Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 95 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009)

(specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. This then allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.
>
> * * *
>
> After *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief. This plausibility requirement will be a context-specific task

>that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, ___ F.3d. ___, ___, 2009 WL 2501662, at * 4-5 (3d Cir. Aug. 18, 2009).

### 3. Motion for summary judgment

Defendant has attached numerous exhibits in support of his motion to dismiss. However, the use of these exhibits by this Court does not convert Defendant's motion to dismiss for failure to state a claim into a motion for summary judgment.  See Pryor v. National Collegiate Athletic Association, 288 F.3d 548, 560 (3d Cir. 2002) ("...certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of an Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to an Federal Rule of Civil Procedure 56 motion for summary judgment.").

### C. Quasi-judicial immunity

Defendant Catalde moves for the dismissal of this case based upon the doctrine of quasi-judicial immunity.  Quasi-judicial officers, who act in accordance with their duties or at the direction of a judicial officer, are also immune from suit.  See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir. 2000) (court administrator entitled to immunity for release of information ordered by a judge); Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969) (holding that prothonotary, acting under court direction, was immune from suit).  The doctrine of absolute quasi-judicial immunity has been applied to court support personnel due to "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992).  See also Johnson v. Kegans, 870 F.2d 992, 995 (5th Cir. 1989) ("Prosecutors and other necessary participants in the judicial process enjoy

quasi-judicial immunity as well.").

Quasi-judicial absolute immunity is available to those individuals, such as Defendant Catalde, who perform functions closely associated with the judicial process. Boyce v. Dembe, 47 Fed.Appx. 155, 159 (3d Cir. 2002) (holding that prothonotaries are entitled to absolute immunity); Marcedes v. Barrett, 453 F.2d 391 (3d Cir. 1971) (holding that quasi-judicial immunity applied to clerk of courts, an administrative assistant to the president judge and a court reporter); Henig v. Odorioso, 385 F.2d 491, 494 (3d Cir. 1967) (holding that judiciary employees executing judicial orders are immune from suit); Grine v. Colburn's Air Conditioning & Refrigeration, 2009 WL 2634179, at * 9 (W.D. Pa. 2009); Washam v. Stesis, 2008 WL 2600310 (E.D. Pa. 2008); Davis v. Philadelphia County, 195 F.Supp.2d 686 (E.D. Pa. 2002).

Defendant Catalde is entitled to the protections of quasi-judicial immunity and the motion to dismiss must be granted.[2]

An appropriate Order follows.

---

[2] In light of the dismissal of the federal law claims and finding no consideration requiring the retention of Plaintiff's state law claims, this Court, in its discretion and pursuant to 28 U.S.C. § 1367, declines to exercise supplemental jurisdiction over Plaintiff's state law claims. As such, the remainder of this action should be remanded to the Court of Common Pleas of Erie County, Pennsylvania.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BENNIE EARL BARNES** )<br>　　　　**Plaintiff,** )<br>　　　　　　　　　　　　　　　　)<br>　v. 　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>**ROBERT CATALDE** 　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　**Defendant.** 　　　　　) | **C.A. No. 09-67Erie**<br><br>**Magistrate Judge Baxter** |

**O R D E R**

AND NOW, this 9th day of November, 2009;

In light of the foregoing opinion,

IT IS HEREBY ORDERED that the motion to dismiss [Document # 7] is GRANTED. The Clerk of Courts is directed to close this case.


　　　　　　　　　　　　　　　　　　S/ Susan Paradise Baxter
　　　　　　　　　　　　　　　　　　SUSAN PARADISE BAXTER
　　　　　　　　　　　　　　　　　　United States Magistrate Judge